UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Cause No. 5:23-CR-00013-RWS-JBB |
| § | |
| KYLE SHALOR SEBER (1) § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On April 28, 2025, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Hailee Amox.

**BACKGROUND**

Defendant Kyle Shalor Seber was sentenced on June 11, 2015, before The Honorable Jorge A. Solis of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of not more than 40 years imprisonment. Based on a total offense level of 29 and a criminal history category of III, the guideline imprisonment range was 108 to 135 months. Pursuant to 18 § U.S.C. 3553(a)(1), the Court granted a motion by the defendant, which the Government did not oppose, and imposed a sentence below the advisory guideline range. Mr. Seber was subsequently sentenced to 84 months imprisonment, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare; no alcohol use; and a $100 special assessment. On October 28, 2020, Mr. Seber completed his period of imprisonment and began service of the

1

supervision term in the Eastern District of Texas. On August 18, 2023, jurisdiction of this case was transferred to the Eastern District of Texas and reassigned to U.S. District Judge Robert W. Schroeder III.

## PETITION TO REVOKE

In its petition to revoke (Dkt. No. 2 *SEALED*), the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime.**

Specifically, the Government alleges that on July 1, 2023, Defendant committed the offense of Possession of a Controlled Substance Penalty Group 1>= 4 grams < 200 grams (methamphetamine), a second-degree felony in Bowie County, Texas. As of this writing, his charge is still pending. The Government further alleges on September 23, 2023, Defendant was arrested for Possession of Controlled Substance Schedule IV or Schedule V < 28 grams (marijuana) and Public Intoxication, both misdemeanors, in Gurdon, Arkansas.

2) **Defendant must not unlawfully possess a controlled substance.**

Specifically, the Government alleges that on July 1, 2023, Defendant was found in possession of a controlled substance, specifically, methamphetamine. The Government further alleges on September 23, 2023, Defendant was found in possession of marijuana.

3) **Defendant shall not leave the judicial district without the permission of the Court or probation officer.**

Specifically, the Government alleges that on September 23, 2023, Defendant traveled to Gurdon, Arkansas, which was outside the federal judicial district where he is authorized to reside, without permission of the U.S. Probation Office.

4) **Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

Specifically, the Government alleges that based on the Texarkana, Texas offense report from July 1, 2023, Defendant was in possession of a controlled substance, specifically, methamphetamine. Defendant was also in possession of a glass pipe and a small scale that is commonly used to weigh narcotics.

5) **Defendant shall not possess or consume alcoholic beverages.**

Specifically, the Government alleges that based on Defendant's arrest on September 23, 2023, for public intoxication, he possessed and consumed alcoholic beverages.

## RECOMMENDATION

The Court scheduled a final revocation hearing April 28, 2025. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Before the Government put on its case at the final revocation hearing and after consenting to the undersigned's taking the plea, Defendant admitted to part of allegation one (1), possession of methamphetamine, as set forth in the petition. The government abandoned the remainder of allegation one (1), regarding the possession of marijuana, and allegations two (2) through five (5). The parties proposed a sentence of 12 months and one day, with no supervision to follow, which is within the guideline range of 8-13 months. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

Based upon Defendant's plea of true to part of allegation one (1), regarding the possession of methamphetamine, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon

the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow said term of imprisonment.

The Court further recommends the Court request the Bureau of Prisons designate the federal correctional institute Texarkana for service of sentence.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegation set forth above in the petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow said term of imprisonment. The record reflects that Defendant was first placed in federal custody on **April 25, 2025**. It is further

**RECOMMENDED** the Court request the Bureau of Prisons designate the federal correctional institute Texarkana for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed.

Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 28th day of April, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE